UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NESTOR VELEZ,

       Plaintiff,

   - against -

ANDREW SAUL, Commissioner of Social Security,

       Defendant.

**ORDER**

18 Civ. 8603 (PGG) (KNF)

PAUL G. GARDEPHE, U.S.D.J.:

   Plaintiff Nestor Velez filed this action on September 20, 2018, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the Commissioner of Social Security's denial of his application for disability insurance benefits. (Cmplt. (Dkt. No. 1)) On September 26, 2018, this Court referred the action to Magistrate Judge Kevin Nathaniel Fox. (Order of Reference (Dkt. No. 5)) On March 29, 2019, Plaintiff moved for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). (Mot. (Dkt. No. 9); Pltf. Br. (Dkt. No. 10)) On May 28, 2019, the Commissioner[1] cross-moved for judgment on the pleadings. (Mot. (Dkt. No. 13); Def. Br. (Dkt. No. 14))

   On February 24, 2020, Judge Fox issued a Report and Recommendation ("R & R") recommending that the Court grant Plaintiff's motion for a remand and deny Defendant's cross-motion for judgment on the pleadings. (R & R (Dkt. No. 21)

   On March 5, 2020, Defendant filed a timely objection to Judge Fox's R & R. (Def. Br. (Dkt. No. 22)

---

[1] Andrew Saul is now the Commissioner of Social Security, and he is automatically substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

For the reasons stated below, the Court will adopt in part the Magistrate Judge's R & R, and remand the case for further proceedings.

## **BACKGROUND**

On April 15, 2015, Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-434, alleging a disability that began on November 30, 2014. (Social Security Record (Dkt. No. 8) at 16) The Social Security Administration ("SSA") denied Plaintiff's application on August 21, 2015. (Id.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and that hearing took place on July 18, 2017. (Id.)

On October 30, 2017, the ALJ issued a decision finding that Plaintiff was not disabled under the Social Security Act. (Id. at 17, 32) On November 10, 2017, Plaintiff requested that the SSA Appeals Council review the ALJ's decision. (Id. at 11) On July 31, 2018, the SSA Appeals Council upheld the ALJ's decision. (Id. at 7)

Plaintiff filed the instant action on September 20, 2018, seeking review of the Commissioner's decision to deny his application for disability benefits. (Cmplt. (Dkt. No. 1)) On September 28, 2018, this Court referred the action to Magistrate Judge Fox. (Order of Reference (Dkt. No. 5)) On March 29, 2019, Plaintiff moved for judgment on the pleadings (Mot. (Dkt. No. 9), arguing that (1) the ALJ incorrectly determined that Plaintiff's condition does not meet the SSA's listed impairments (Pltf. Br. (Dkt. No. 10) at 22-24); (2) the ALJ's decision is based on an improper legal standard, because the ALJ did not give appropriate weight to Plaintiff's treating physicians' opinions (Id. at 24-25); (3) the ALJ did not conduct an appropriate

evaluation of Plaintiff's obesity (Id. at 25-26); and (4) the ALJ incorrectly determined that Plaintiff can perform sedentary work. (Id. at 26-27)

On May 28, 2019, the Commissioner filed an opposition to Plaintiff's motion for judgment on the pleadings, and cross-moved for judgment on the pleadings. (Mot. (Dkt. No. 13); Def. Br. (Dkt. No. 14)) On November 21, 2019, Judge Fox sua sponte directed the parties "to submit to the Court memoranda of law" addressing the ALJ's appointment, as the ALJ "conducted [Plaintiff's] hearing on July 18, 2017, prior to proper appointment, [which occurred] on July 16, 2018." (Nov. 21, 2019 Order (Dkt. No. 15) at 2) The Commissioner submitted a brief concerning this issue on December 3, 2019 (Def. Br. (Dkt. No. 20)); Plaintiff did not respond to Judge Fox's order regarding supplemental briefing.

On February 24, 2020, Judge Fox issued an R & R recommending that this Court grant Plaintiff's motion for a remand and deny Defendant's cross-motion for judgment on the pleadings. (R & R (Dkt. No. 21)) In the R & R, Judge Fox concludes that (1) "[s]ince the ALJ conducted a hearing in Velez's case on [July 18, 2017],[2] prior to proper appointment on July 16, 2018, . . . Velez's case was not heard by an official properly appointed" (id. at 5); and (2) the "ALJ did not accord the opinion of Velez's treating sources . . . controlling weight." (Id. at 14)

On March 5, 2020, the Commissioner filed an objection to Judge Fox's R & R. (Def. Br. (Dkt. No. 22)) The Commissioner "objects to the Report to the extent that Judge Fox recommends remand and assignment to a different ALJ on the ground that the ALJ had not been properly appointed under the Appointments Clause." (Id. at 7 (citing R & R (Dkt. 21) at 3-5, 15) The Commissioner argues that Plaintiff forfeited any Appointments Clause challenge, because he

---

[2] The R & R states that the "ALJ conducted a hearing in Velez's case on September 12, 2017, prior to proper appointment on July 16, 2018." (R & R (Dkt. No. 21) at 5) The hearing took place on July 18, 2017, however. (See Social Security Record (Dkt. No. 8) at 16; see also Nov. 21, 2019 Order (Dkt. No. 15) at 2)

3

did not raise this issue during the administrative proceedings or in the instant litigation. (Id. at 9-19) Plaintiff has not filed any objections to Judge Fox's R & R, nor has he responded to the Commissioner's objection.

## DISCUSSION

### I. LEGAL STANDARD

#### A. Disability Determinations Under the Social Security Act

A claimant has the burden of proving that he is disabled. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled."). This means that a claimant must "inform [the SSA] about or submit all evidence known to [the claimant] that relates to whether or not [the claimant is] blind or disabled." Id.

A claimant is disabled and therefore entitled to SSI benefits if he or she "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also 20 C.F.R. § 416.905(a) (defining disability). A five-part sequential analysis is conducted to determine whether a claimant is disabled. See 20 C.F.R. § 416.920(a)(4).

In assessing whether a claimant has a disability, the factors to be considered include: "'(1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or other[s]; and (4) the claimant's educational background, age, and work experience.'" Alcantara v. Astrue, 667 F. Supp. 2d 262, 274 (S.D.N.Y. 2009) (quoting Rivera v. Harris, 623 F.2d 212, 216 (2d Cir. 1980)).

The Second Circuit has described this analysis as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience. . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (quoting Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam)).

The claimant bears the burden of proof with respect to all but the fifth step of the five-step process for determining eligibility for benefits. See Butts v. Barnhart, 388 F.3d 377, 383 (2d Cir. 2004). "If the claimant satisfies her burden of proving the requirements in the first four steps, the burden then shifts to the [Commissioner] to prove in the fifth step that the claimant is capable of working." Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (citation omitted).

"When a claimant seeks review of a Social Security hearing regarding disability benefits, the court's function is not to determine whether the appellant is disabled." Sava v. Astrue, No. 06–CV–3386(KMK)(GAY), 2010 WL 3219311, at *1 (S.D.N.Y. Aug. 12, 2010) (citing Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998)). A district court reviewing a denial of Social Security benefits will "set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." Rosa, 168 F.3d at 77 (citation omitted).

5

B.  **Rule 12(c) Standard**

In deciding a motion brought under Fed. R. Civ. P. 12(c), courts apply the same standard applicable to a motion to dismiss under Rule 12(b)(6). Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).

C.  **Review of a Magistrate Judge's R & R**

In evaluating a Magistrate Judge's R & R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Razo v. Astrue, No. 04 Civ. 1348(PAC)(DF), 2008 WL 2971670, at *3 (S.D.N.Y. July 31, 2008) (citing Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991)). However, "the phrase de novo determination in section 636(b)(1), as opposed to de novo hearing, was selected by Congress 'to permit whatever reliance a district judge, in the exercise of sound judicial discretion, cho[oses] to place on a magistrate's proposed findings and recommendations.'" Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989) (quoting United States v. Raddatz, 447 U.S. 667, 676 (1980)) (emphasis in original).

II. **THE MAGISTRATE JUDGE'S R & R**

In his R & R, Judge Fox concludes that a remand is necessary because Plaintiff's "case was not heard by an official properly appointed" under the Appointments Clause of the U.S. Constitution. (R & R (Dkt. No. 21) at 5) Judge Fox states that "claimants can never forfeit

6

issues before the Social Security Administration's Appeals Council because: (1) the proceedings before the Social Security Administration are non-adversarial and (2) the Social Security Administration's regulations include no specific provisions pertaining to issue exhaustion." (Id. at 4) He cites Sims v. Apfel, 530 U.S. 103 (2000), for the proposition that "the Supreme Court has already held that issue exhaustion does not apply at the Appeals Council level in disability cases." (Id.) Judge Fox further states that the SSA's own policy "proves that a claimant need not raise a Lucia Appointments Clause challenge at the ALJ level in order to obtain relief on that issue," and that "it would be improper to allow the defendant to assert a technical forfeiture defense for its unconstitutional actions given that the Social Security Administration assures claimants, misleadingly, that their hearings are 'informal.'" (Id. at 4-5)

Judge Fox's recommendation that the case be remanded is also premised on his conclusion that the "ALJ did not accord the opinion of Velez's treating sources . . . controlling weight," as then required by 20 C.F.R. § 404.1527(c)(2). (R&R (Dkt. No. 21) at 14)[3]

---

[3] Although SSA regulations concerning the "treating physician rule" have been amended, the revisions apply only to claims filed on or after March 27, 2017, see 20 C.F.R. §§ 404.1527, 404.1520c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 F.R. 5844-01, 2017 WL 168819, at *5844, *5867-68 (Jan. 18, 2017), and Velez's claim was filed before that date. See Social Security Record (Dkt. No. 8) at 16 ("On April 15, 2015, the claimant protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning November 30, 2014."); see also Vargas v. Saul, No. 18-CV-4760 (AJN) (OTW), 2019 WL 3245154, at *5 n.5 (S.D.N.Y. July 19, 2019) ("20 C.F.R. § 404.1527 applies here, rather than 20 C.F.R. § 404.1520c, because Plaintiff filed her claim before March 27, 2017."); Finch v. Berryhill, No. 17-CV-892 (OTW), 2019 WL 1434621, at *11 n.20 (S.D.N.Y. Apr. 1, 2019) ("Although not relevant here, the Court notes that the regulations governing the "treating physician rule" recently changed as to claims filed on or after March 27, 2017." (citing 20 C.F.R. §§ 404.1527, 404.1520c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 F.R. 5844-01, 2017 WL 168819, at *5844, *5867-68 (Jan. 18, 2017); accord Cortese v. Comm'r of Social Sec., No. 16-CV-4217 (RJS), 2017 WL 4311133, at *3 n.2 (S.D.N.Y. Sept. 27, 2017))).

### III. DEFENDANT'S OBJECTION

The Commissioner's objection to the R & R focuses solely on the Appointments Clause issue. (See Def. Br. (Dkt. No. 22)) The Commissioner argues that Plaintiff forfeited his Appointments Clause challenge because "at no point during this litigation did Plaintiff ever present – either in the complaint . . . or in his memorandum of law in support of his motion for judgment on the pleadings . . . – the argument that SSA's ALJs are inferior officers under the Appointments Clause." (Id. at 9) Moreover, "[a]t no point in the administrative process – whether in his initial claim, in his hearing before the ALJ, or before the Appeals Council – did Plaintiff ever contend that the assigned ALJ was an inferior officer who had not been properly appointed under the Appointments Clause. . . . In deciding a Rule 12(c) motion, the district court may only consider the facts as presented within the four corners of the complaint and the legal arguments raised in Plaintiff's initial memorandum of law." (Id. at 9 (citing Sira v. Morton, 380 F.3d 57, 66–67 (2d Cir. 2004); Williams v. Suffolk County, 284 F. Supp. 3d 275, 283 (E.D.N.Y. 2018) ("More importantly, the Defendants did not raise the issue of the Plaintiff's failure to exercise due diligence in their initial memorandum of law. Therefore, the Court does not consider the Defendants' contention that the Plaintiff failed to exercise due diligence.") (citing Keefe v. Shalala, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995))). The Commissioner further contends that "51 out of 58 district courts," including the Southern District of New York, "have uniformly rejected Appointments Clause challenges to SSA ALJs where the plaintiff failed to raise the

issue during the administrative proceedings." (Id. at 10-11, n.3 (citing Griffin v. Comm'r of Soc. Sec., 2020 WL 733886, at *9-10 (N.D. Iowa Feb. 13, 2020) (collecting cases)))

## IV. ANALYSIS

### A. Appointments Clause

In Bonilla-Bukhari v. Berryhill, 357 F. Supp. 3d 341 (S.D.N.Y. 2019), plaintiff argued that his Appointments Clause challenge should be considered by the district court, regardless of whether that challenge was raised during the administrative process. Bonilla-Bukhari, 357 F. Supp. 3d at 350-51. The court rejected that argument, however, stating that it "agrees with the vast majority of courts that have considered this issue following Lucia and have concluded that exhaustion before the ALJ is required." Id. (citing Catherine V. v. Berryhill, 2019 WL 568349, at *2 (D. Minn. Feb. 12, 2019); Axley v. Comm'r., 2019 WL 489998, at *1 (W.D. Tenn. Feb. 7, 2019); Fortin v. Comm'r, 2019 WL 421071, at *2 (E.D. Mich. Feb. 1, 2019); Shipman v. Berryhill, 2019 WL 281313, at *3 (W.D.N.C. Jan. 22, 2019); Dierker v. Berryhill, 2019 WL 246429, at *2-4 (S.D. Cal. Jan. 16, 2019); A.T. v. Berryhill, 2019 WL 184103, at *7 (D. Kan. Jan. 14, 2019); Velasquez v. Berryhill, 2018 WL 6920457, at *2-3 (E.D. La. Dec. 17, 2018); Abbington v. Berryhill, 2018 WL 6571208 (S.D. Ala. Dec. 13, 2018); Davis v. Comm'r of Soc. Sec., 2018 WL 4300505, at *8-9 (N.D. Iowa Sept. 10, 2018); Trejo v. Berryhill, 2018 WL 3602380, at *3 n.3 (C.D. Cal. July 25, 2018)); see also Lobbe v. Berryhill, No. 17 Civ. 5589, 2019 WL 1274941, at *20 (S.D.N.Y. Mar. 20, 2019) ("In the context of Social Security proceedings, the overwhelming majority of district courts have held that Lucia requires challenges under the Appointments Clause to be raised during the administrative proceedings; courts have found that a plaintiff's failure to do so operates as a waiver. Plaintiff concedes that her Appointments Clause challenge was not raised before the ALJ or Appeals Council.

Plaintiff's challenge to the constitutionality of the ALJ's appointment is, therefore, denied as untimely." (collecting cases; citations omitted)).

Here, Plaintiff did not raise an Appointments Clause challenge during either the administrative proceedings or the current litigation. Indeed, Plaintiff did not brief the issue when directed to do so by Judge Fox. (See Nov. 21, 2019 Order (Dkt. No. 15))

Given the case law and the circumstances of this case, this Court declines to adopt Judge Fox's recommendation to remand Plaintiff's case to a different ALJ.

B.  **Treating Physicians' Opinions**

The Commissioner has not objected to Judge Fox's finding and recommendation that "the ALJ committed legal error by failing to apply the treating physician rule, as required by the Social Security Administration's regulations. Therefore, remand is warranted." (R & R (Dkt. No. 21) at 14; see also Dkt. No. 22). Where, as here, no objection has been filed to a magistrate judge's recommendation – despite clear warning that a failure to file an objection will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed Judge Fox's recommendation regarding the ALJ's handling of Plaintiff's treating physicians' opinions and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)

10

(citations omitted). Accordingly, this Court adopts Judge Fox's R&R on this point. Plaintiff's motion for judgment on the pleadings will be granted to the extent that this case will be remanded for the purpose of the ALJ explaining why the opinions of Dr. Long are entitled to more weight than the opinions of Velez's treating physicians – Dr. Radna and Dr. Katzman – and why this determination is appropriate under the applicable SSA regulations.

## **CONCLUSION**

The Court adopts the findings and conclusions of the R&R as set forth above. Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is granted to the extent that this case is remanded as set forth above. The Commissioner's cross-motion for judgment on the pleadings is denied. (Dkt. No. 13) The Clerk of Court is directed to terminate the motions (Dkt. Nos. 9, 13) and to remand this case to the Commissioner of Social Security for further proceedings.

Dated: New York, New York
March 26, 2020

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge